IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>CLEOPHUS DAVIS, JR.,<br><br>　　　　　　　　Defendant. | 8:94CR42<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's Motion for Reconsideration of Judgment, ECF No. 265, seeking relief under 18 U.S.C. § 3582(c)(1)(A)(i).  For the following reasons, the Court will reduce the Defendant's term of incarceration.

### PROCEDURAL BACKGROUND

In 1995, following a trial by jury, Defendant Cleophus Davis, Jr., was found guilty of three counts of bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and three counts of use of a firearm in furtherance of a bank robbery, in violation of 18 U.S.C. § 924(c)(1).  He was sentenced by Judge Thomas Shanahan to 130 months on Counts I, III, and V (the bank robbery counts); 60 months on Count II; 240 months on Count IV; and 240 months on Count VI, for a total of 670 months, followed by five years of supervised release.

The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018), among other things, amended 18 U.S.C. § 924.  In Section 403 of the Act, Congress amended § 924(c)(1)(C) so an enhanced consecutive term for a second or subsequent conviction for use of a firearm during a crime of violence is no longer mandated if the crime was committed before a prior conviction under the subsection was final.  This amendment

would have benefited Davis with respect to his sentences on Counts IV and VI if it had been in effect at the time of his sentencing. Section 403 of the First Step Act also provides: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of the date of enactment." This Court, therefore, has no authority to apply Section 403 of the First Step Act to reduce Davis's sentence retroactively.

The First Step Act also amended 18 U.S.C. § 3582. In Section 603 of the Act, Congress amended § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." Davis submitted evidence of his exhaustion of his administrative remedies through the Bureau of Prisons, ECF No. 265 at Page ID 281-82, and the Court has jurisdiction to consider his Motion.

The Government opposes any reduction in Davis's term of incarceration, emphasizing his history of violence and the threat he poses to the community. Counsel was appointed to represent Davis and argues that his terms of incarceration on Counts IV and VI should be reduced to 60 months, consecutive. At the Court's request, the Probation Office submitted a Reduction-in-Sentence Investigation including a release plan, ECF No. 275, concluding that Davis has a residence, employment, and a support system available to him should the Court grant a sentence reduction. The matter is now properly before the Court under § 3582(c)(1)(A)(i).

## DISCUSSION

I. **Extraordinary and Compelling Reasons for a Sentence Reduction**

Section 3582(c)(1)(A) provides in pertinent part:

[T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

    (i) extraordinary and compelling reasons warrant such a reduction;
    . . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

If Davis were sentenced for his crimes today, he would not be subject to the mandatory sentencing enhancements for his second and third firearms offenses under § 924(c)(1)(C), commonly referred to as "stacking." He would, however, be subject to enhanced sentences for Counts II and VI pursuant to § 924(c)(1)(A)(iii) for discharging his firearm, and for Count IV pursuant to § 924(c)(1)(A)(ii) for brandishing his firearm. Although Davis's counsel argues that the latter enhancements should not be applied because the discharging and brandishing of the firearms were not jury-found facts, the record[1] is clear that Davis discharged his firearm in connection with the first and third robberies and brandished it in connection with the second. Based on the record in this case, it is very probable that if Davis were sentenced today on Counts I-VI, he would receive the same term of incarceration on Counts I, III, and V (130 months), followed by

---

[1] The trial transcript, presentence investigation report, and post-conviction proceedings all confirm these facts. See also *United States v. Davis*, 103 F.3d 660 (8th Cir. 2001), and *United States v. Davis*, 406 F.3d 505 (8th Cir. 2005).

3

120 months consecutive on Count II (discharging a firearm in furtherance of a crime of violence), 84 months consecutive on Count IV (brandishing a firearm in furtherance of a crime of violence), and 120 months consecutive on Count VI (discharging a firearm in furtherance of a crime of violence), for a total of 324 months incarceration on the firearms counts.  Accordingly, Davis's current sentence is most likely 216 months longer than that which he would receive if sentenced under current law.  As in *United States v. Urkevich*, No. 8:03CR37, 2019 WL 6037391 (D. Neb. Nov. 14, 2019), this Court finds such a circumstance to be an extraordinary and compelling reason for a sentence reduction.  Other courts have agreed that defendants who were subject to enhanced "stacked" sentences for firearms offenses—which now would not be subject to such enhancement—may seek relief under § 3582(c)(1)(A)(i).  See *United States v. Haynes,* No. 93 CR 1043 (RJD), 2020 WL 1941478, at *1 (E.D.N.Y. Apr. 22, 2020); *United States v. Redd*, No. 1:97-CR-00006-AJT, 2020 WL 1248493, at *1 (E.D. Va. Mar. 16, 2020); *United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *4 (D. Utah Feb. 18, 2020).  Accordingly, the Court next must consider the factors set forth in 18 U.S.C. § 3553(a) and applicable policy statements issued by the Sentencing Commission.

##   II.     Factors Set Forth in 18 U.S.C. § 3553(a)

A reduction of the Defendant's total term of incarceration on Counts II, IV, and VI, from 540 months to 324 months is consistent with § 3553(a)(2)(A) ("the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense") and § 3553(a)(6) ("the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct").

The Government's primary objection to a reduction in sentence is the danger Davis poses to public safety.[2] The need to protect the public from further crimes of a defendant (§ 3553(a)(1)(C)) is an important factor that weighs in favor of a lengthy term of incarceration. Although Davis was only 25 years of age at the time of the bank robberies, he had a long criminal history, extending over eleven years and demonstrating a deeply engrained disregard for the lives of others, let alone their health, safety, or property. His disciplinary record within the Bureau of Prisons, summarized in the Probation Office's Reduction-in-Sentence Investigation, shows that Davis continued this pattern during his incarceration, until recent years. He is now 51 years of age. Documents submitted with his Motion, ECF No. 265, Page ID #283-307, show that in recent years he has achieved success in academic and vocational programs offered through the Bureau of Prisons, has maintained good conduct, and has won the trust of supervisory personnel.

Davis's projected release date is June 2, 2042. A reduction of his total sentence by 216 months (18 years) would bring his release date to no earlier than June 2, 2024

---

[2] The Government, relying on the Presentence Investigation Report (PSR), contends that the Defendant received an upward adjustment in his Guidelines offense level for obstruction of justice related to threatening a witness. Judge Shanahan's Statement of Reasons (pages 7-10 of the Judgment) demonstrates that the Government declined to present any evidence in support of the alleged obstruction of justice, and Judge Shanahan sustained the Defendant's objection to the upward adjustment. The Defendant's total offense level became 25, his Criminal History Category was VI, his sentencing range under the Guidelines for Counts I, III, and V was 110-137 months. Although the Government, again relying on the PSR, asserts that Judge Shanahan sentenced Davis at the lowest end of the Guideline range on Counts I, III, and V, and might have imposed a longer sentence but for the "stacked" mandatory sentences for the firearms offenses, Judge Shanahan's sentence of 130 months was in the upper end of the Guideline range. Because the sentence was imposed before *United States v. Booker*, 543 U.S. 220 (2005), in the era of mandatory Guidelines, it can be inferred that Judge Shanahan had discretion to impose only seven more months incarceration on Counts I, III, and V. The Government also points to the Defendant's reckless and assaultive conduct referenced in Count VII of the Superseding Indictment, which was dismissed. This Court has considered that egregious conduct, along with the Defendant's other history and characteristics. There is no doubt that the Defendant posed a serious threat to the lives and safety others throughout the community, and to the property of others, at the time of his sentencing.

(recognizing that good time now projected by the Bureau of Prisons on the Defendant's last 18 years of incarceration would not be applied).[3]  If the Bureau of Prisons system of calculating good time remains unchanged, Davis would not be released until in his late fifties, an age at which the risk of recidivism is significantly reduced.[4]

### III. Sentencing Commission Policy Statements

United States Sentencing Guideline § 1B1.13 and related Commentary were most recently updated on November 1, 2018, before the effective date of the First Step Act—December 21, 2018.  Accordingly, the Guideline and Commentary still presume that a reduction in sentence under § 3582(c)(1)(A) must be made upon motion of the Director of the Bureau of Prisons:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) extraordinary and compelling reasons warrant the reduction;
>     . . . .
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

---

[3] At 54 days per year, good time credited up front for Davis's final 18 years of incarceration based on his current sentence would be 972 days, extending his projected release date into 2027.

[4] *Recidivism Among Federal Violent Offenders*, U.S. Sent'g Comm'n (Jan. 2019), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2019/20190124_Recidivism_Violence.pdf.

The Commentary describes certain circumstances under which "extraordinary and compelling reasons" for a reduction in sentence are deemed to exist, but the Commentary does not suggest the list is exclusive. Application Note 1(D), titled "Other Reasons" is a catch-all provision, noting that the Director may determine "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Application Note 3 states that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement," mirroring the language of 28 U.S.C. § 994(t). In Application Note 4, the Commission *encourages* the Director to file a motion for reduction of sentence if a defendant meets *any* of the circumstances set forth in Application Note 1, thereby allowing a court to consider § 3553(a) factors, as well as criteria in the Commission's policy statement such as whether a defendant is a danger to the safety of any other person or to the community, when determining whether to reduce a term of imprisonment.

Other courts have concluded that the Commission's failure to amend Guideline § 1B1.13 and related Commentary following the First Step Act does not preclude a court from acting on motions for sentence reductions or using the catch-all provision in Application Note 1(D). See *United States v. Brown*, 2019 WL 4942051, at *3-4 (S.D. Ia. October 8, 2019)[5], citing *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505,

---

[5] In *Brown*, the court acknowledged it could consider as "extraordinary and compelling reasons" for a sentence reduction the disparity the defendant suffered when he received a 300-month sentence on a firearm count that today would carry a 60-month sentence. *Brown*, 2019 WL 4942051, at *5 (citing *United States v. Marks*, No. 6:03-cr-06033, slip op. (W.D.N.Y. Mar. 14, 2019)). Yet the court declined to exercise its authority to grant the defendant's motion, finding it "premature" because the defendant would not be eligible for immediate release from custody if his 300-month sentence were reduced to 60-months. *Id.* at

at *5 (M.D.N.C. June 28, 2019); *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019); *United States v. Fox*, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019)).

This Court infers that the Commission would apply the same criteria, including the catch-all provision of Application Note 1(D), in the wake of the First Step Act's amendment to § 3582(c)(1)(A), and that this Court may use Application Note 1(D) as a basis for finding extraordinary and compelling reasons to reduce a sentence.

With respect to the factors listed in 18 U.S.C. § 3142(g) to determine whether a defendant poses a danger to any person or to the community, the list is from a statute used to determine release or detention of a defendant pending trial. In summary, a court is to consider the nature and circumstances of the offense, the weight of the evidence against the defendant, the defendant's history and characteristics, and the nature and seriousness of the danger the defendant poses to any person or the community. Here, the Defendant's crimes were very serious and the weight of evidence against him was beyond a reasonable doubt. At the time of his crimes in 1994, he posed an extreme danger to the community, but in the last seven years there has been no evidence that he poses a further danger. He has an appropriate residence, employment, and support system available to him upon his ultimate release from custody. While it can never be determined with certainty that a defendant will pose no danger to the safety of any other person or to the community, Davis's age and his record of good conduct and academic

---

*6. While there is some merit to holding a motion in abeyance to consider a defendant's continued progress, this Court does not consider Davis's Motion premature. A reduction in the sentence at this juncture will help Davis and the Bureau of Prisons plan for his ultimate release from custody.

8

and vocational success in recent years is persuasive evidence that he has matured during his 26 years of incarceration, and that he has achieved substantial rehabilitation.

## CONCLUSION

After consideration of all the factors set forth in 18 U.S.C. § 3553(a), especially § 3553(a)(2)(A) ("the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense") and § 3553(a)(6) ("the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"), as well as applicable Sentencing Commission policy statements, the Court finds extraordinary and compelling reasons for a reduction of the Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

It is doubtful that the Court has any authority to *increase* Davis's term of incarceration on Count II to the term he would receive if sentenced today for discharging a firearm in furtherance of a crime of violence.  To achieve the goal of adjusting Davis's sentence to satisfy the extraordinary and compelling reason for a sentence reduction described above, the Court will reduce his terms of incarceration on Count IV to 114 months, consecutive to all other counts, and on Count VI to 150 months, consecutive to all other counts, so as to achieve a total sentence of 324 months on Counts II, IV, and VI, as he would receive if sentenced under current law.  A new Judgment and Commitment Order will be issued.

IT IS ORDERED:

1. The Defendant's Motion for Reconsideration of Judgment, ECF No. 265, is granted as follows:

9

>    The Defendant's sentence on Count IV of the Superseding Indictment is reduced to a term of 114 months incarceration, consecutive to all other Counts, and his term of incarceration on Count VI of the Superseding Indictment is reduced to 150 months, consecutive to all other Counts; and

2. A new Judgment and Commitment Order will be issued.

Dated this 24th day of August 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge